IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**JOHN C. BARLETTA**,

    Plaintiff,

        v.

**JEFF PREMO, Superintendent; CHRIS TOOMBS, Mail Room Officer; B. ERIKSON, Mail Room/Grievance Coordinator; Capt. STEPHENS, Security; Lt. ALVIS (aka Hill), Security; Lt. STEPHENSON, S.T.M. Management; Capt. G. LONG, Group Living,**

    Defendants.

No. 6:13-cv-01845-MO

OPINION AND ORDER

**MOSMAN, J.**,

John Barletta, a *pro se* plaintiff currently incarcerated in the Oregon State Penitentiary (OSP), filed suit against various members of the Oregon State Department of Corrections, alleging that his First Amendment right to free speech was violated when the prison censored and/or confiscated his emails.

Mr. Barletta received mail violations for certain emails he sent that contained language the Oregon Department of Corrections (ODOC) classifies as inflammatory. The ODOC defines "inflammatory material" as material, "whose presence in the facility is deemed by the department to constitute a direct and immediate threat to the safety, health, good order, or discipline of the facility because it incites or advocates physical violence against others."

1 – OPINION AND ORDER

Oregon Administrative Rules 291-131-0010(9), (Decl. of Stephen [24], Attachment 1, p. 2). Defendants have submitted, *in camera,* a number of these emails for the Court's review.

Defendants filed a Motion for Summary Judgment [23]. Mr. Barletta filed a cross Motion for Summary Judgment [36]. Upon review of the parties submissions, I have determined that genuine issues of material fact exist and therefore DENY Plaintiff's [36] Motion for Summary Judgment and DENY IN PART Defendants' [23] Motion for Summary Judgment. Summary Judgment is appropriate if the movant shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The burden is on the party seeking summary judgment to show that there is no genuine dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the nonmoving party, as well as draw all reasonable inferences in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Furthermore, the court construes *pro se* pleadings liberally and affords *pro se* plaintiffs the benefit of any doubt. *See Erikson v. Pardus,* 551 U.S. 89, 94 (2007). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Defendants and Plaintiff have not carried this burden.

I do not find a genuine dispute of material fact exists as to whether the asserted state interests in censoring Mr. Barletta's email passes the criteria set forth in *Procunier v. Martinez*, 416 U.S. 396, 413-14 (1974). It does. I find that the state interests served by the regulation (i.e. prison security, order, and rehabilitation) are sufficient as a matter of law to support the

2 – OPINION AND ORDER

regulation.  *Id.* at 413.  The prohibition against the use of inflammatory language in the abstract is a legitimate way to enforce the government interests in question.

A question, however, does remain as to whether the speech in each email does in fact violate the regulation in all instances.  This is a material question of fact to be resolved by a jury.  Additionally, a question of material fact exists as to whether the censorship of the speech in question is being applied too broadly, and therefore censoring too much speech.  The second criteria listed in *Procunier* requires that the limitation of "First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved.  Thus a restriction on inmate correspondence that furthers an important or substantial interest of penal administration will nevertheless be invalid if its sweep is unnecessarily broad." *Procunier v. Martinez*, 416 U.S. at 413-14.

For the reasons stated above, Plaintiff's [36] Motion for Summary Judgment is DENIED and Defendants' [23] Motion for Summary Judgment is DENIED IN PART.

DATED this   18th   day of November, 2014.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

3 – OPINION AND ORDER