IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JOHN C. BARLETTA,

           Plaintiff,

    v.

JEFF PREMO, Superintendent;
CHRIS TOOMBS, Mail room officer;
B. ERIKSEN, Mail room/Grievance coordinator;
L.t. ALVIS (a.k.a. HILL), Security;
L.t. STEPHENSON, S.T.M. management,

           Defendants.

6:13-cv-01845-MO

OPINION AND ORDER

MOSMAN, J.,

    On July 29, 2015, Defendants filed a Motion for Partial Summary Judgment asking, in part, for Defendant Jeff Premo to be dismissed from the case [80]. At oral argument on August 20, 2015, Defendants argued Plaintiff could not establish the supervisory liability of Superintendent Premo under a failure to train theory. In addition, Defendants argued Plaintiff could not advance the failure to train theory because Plaintiff had not included it in any previous pleadings. I find both of Defendants' arguments to be correct and GRANT the Motion for Partial Summary Judgment with respect to Defendant Premo [80].

1 – OPINION AND ORDER

**LEGAL STANDARDS**

Summary judgment must be granted in favor of the moving party when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, (1986). The record will be reviewed in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

**DISCUSSION**

I. **Failure to Train**

To establish a failure to train theory, Plaintiff must show a supervisor has "conducted himself in a reckless or malicious manner or that his actions were, in fact, deliberate." *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001). Summary judgment is appropriate when Plaintiff has offered "no evidence showing that the alleged inadequacy of training was the result of a deliberate or conscious choice" by the Defendant. *Alexander v. City of San Francisco,* 29 F.3d 1355, 1367 (9th Cir.1994) (internal citations and quotations omitted).

Here, Plaintiff has shown only that 1) there was little to no training on the mail censorship policy and 2) Superintendent Premo is responsible for the operation of the entire prison. Plaintiff has offered no evidence to show the alleged inadequacy of training was either deliberate or conscious. As such, Defendants are entitled to summary judgment with respect to Superintendent Premo.

II. **Failure to Plead**

Indeed, Plaintiff could not show such a deliberate or conscious choice by Superintendent Premo, because Plaintiff did not pursue this theory until summary judgment and so may not have

conducted any relevant discovery. When more than one theory of liability can be asserted, an alternative theory is waived if a party "raised it for the first time in his opposition to the defendants' summary judgment motion." *Benson v. Ocwen Loan Servicing, LLC*, 562 F. App'x 567, 570 (9th Cir. 2014); *see Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1291–94 (9th Cir. 2000). Plaintiff did not raise the failure to train theory in his complaint, nor is there any indication that Plaintiff pursued the failure to train theory prior to summary judgment. Thus, Defendants are entitled to summary judgment.

## CONCLUSION

Because no genuine issues of material fact exist and because Plaintiff cannot support a theory of supervisory liability, Defendants' Motion for Partial Summary Judgment [80] is GRANTED with respect to Defendant Premo.

IT IS SO ORDERED.

DATED this __4th__ day of September, 2015.

/s/ Michael W. Mosman\_\_\_\_
MICHAEL W. MOSMAN
United States District Judge